# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**LARRY JUNIOR JENKINS,**

        **Petitioner,**

**v.**                                        **Civil Action No. 2:05cv92**
                                                          **(Judge Maxwell)**

**THOMAS MCBRIDE,**

        **Respondent.**

## REPORT AND RECOMMENDATION

On December 12, 2005, the *pro se* petitioner filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. On February 24, 2006, the undersigned determined that the petition appeared to be untimely and issue a Notice pursuant to Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002) (when a federal habeas court perceives a *pro se* § 22554 petition to be untimely, the court must warn the petitioner that his case is subject to dismissal absent sufficient explanation). On March 10, 2006, Petitioner filed a response to the Court's Braxton Notice in which he requested that the Court not dismiss his petition. Because Petitioner's response failed to provide the Court with the exact dates of his state court proceedings, the Court, in an abundance of caution, directed the Respondent to file an answer to the petition on the limited issue of whether or not the petition is timely. The Respondent did so on July 17, 2006. Also on that date, the Respondent filed a Motion to Dismiss the Petition as Untimely. Petitioner filed a response on October 27, 2006, and the Respondent filed a reply on November 9, 2006. Accordingly, this case is ripe for review.

## I. Procedural History

As set forth in the pleadings, Petitioner was convicted of first degree murder in the Circuit Court of Jefferson County and sentenced to life without mercy on December 19, 1994. Petitioners' direct appeal was refused by the West Virginia Supreme Court of Appeals on December 6, 1995.[1] Petitioner filed a state habeas petition on October 11, 2002.[2] Petitioners' state habeas was denied on the merits on July 30, 2004. Petitioners' appeal of that Order was refused by the West Virginia Supreme Court of Appeals on June 7, 2005.

On December 20, 2005, Petitioner filed the instant federal habeas petition raising the following grounds for relief:

(1) the trial court erred in refusing to bifurcate the trial;

(2) the trial court's failure to give instructions on lesser included offenses impermissibly shifted the burden of proof to the defendant;

(3) the trial court erred in allowing the jury to hear evidence of prior marital disputes where no physical abuse occurred; and

(4) ineffective assistance of counsel for failing to adequately have the defendant evaluated for mental illness at the time of the event, failing to put on witnesses and the defendant and to explain the meaning of each to the defendant so he could knowingly and intelligently waive his right to present evidence and witnesses, and for leading defendant through trial believing he was going

---

[1] On appeal, Petitioner asserted that the court erred in refusing to bifurcate his trial, failed to give instructions on lesser included offenses and erred in permitting the jury to hear evidence of prior marital disputes.

[2] In his state habeas petition, Petitioner asserted that the court erred in refusing to bifurcate his trial, failed to give instructions on lesser included offenses, erred in permitting the jury to hear evidence of prior marital disputes where no physical abuse occurred and ineffective assistance of counsel.

to receive three years for the crime he committed in the heat of passion.

## **II. Timeliness of Petition**

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus petition. 28 U.S.C. §2244(d).[3] Section 2244 (d)(1) provides that the period of limitation will begin to run from the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1); Hill, 277 F.3d at 701; Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000).

Thus, absent any state court post conviction proceeding that would have tolled the federal limitation period,[4] a petitioner who's conviction and sentence became final after the effective date of AEDPA, has one-year from the date the conviction and sentence became final to file a federal habeas petition. 28 U.S.C. § 2244(d). The amendment to § 2244 became effective on April 24, 1996. For a prisoner whose conviction and sentence became final prior to the effective date of

---

[3] The AEDPA applies to those cases filed after April 24, 1996, the effective date of the AEDPA. Lindh v. Murphy, 521 U.S. 320 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir. 1998), cert denied, 523 U.S. 371 (1998). Thus, the AEDPA applies to this petition.

[4] 28 U.S.C. § 2244(d)(2).

AEDPA, a one-year grace period extends from the statute's effective date. Brown v. Angelone, 150 F.3d 370, 374-375 (4th Cir. 1998).

In this case, the petition is clearly untimely. Petitioners' conviction and sentence became final prior to the effective date of AEDPA. Therefore, Petitioner had until April 24, 1997 to timely file his federal habeas petition,[5] and any subsequent filings, even those that were properly filed, could not toll the one-year limitation period because there was nothing left to toll. See Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (a state court petition filed after the expiration of the limitations period "cannot toll that period because there is no period remaining to be tolled"). Petitioners' state habeas petition was filed on October 11, 2002, more than five years after the one-year limitation had expired, and had no effect on the one-year time limitation. Therefore, Petitioner's one-year limitation has clearly expired unless one of the circumstances enumerated in 28 U.S.C. § 2244 is present and starts the clock running at a later date.

### III. Contentions of the Parties

**A. The Petitioner**

In response to the Respondent's motion to dismiss, Petitioner, for the first time, argues that pursuant to the Supreme Court's decision in Crawford v. Washington, 541 U.S. 36 (2004), his petition is timely under the exception found in 28 U.S.C. § 2244(d)(1)(C).[6] In support of his claim,

---

[5] Petitioner concedes as much in his Opposition to the Respondent's Motion to Dismiss. See dckt. 17 at 2 ("petitioner submits the one-year limitation period started running on March 7, 1996, when the time expired for seeking writ of certiorari from the United States Supreme Court").

[6] In Crawford, the Supreme Court overturned its earlier decision in Ohio v. Roberts, 448 U.S. 56 (1980), which permitted the admission of hearsay evidence at trial if the evidence bore particularized indicia of reliability, and replaced the rule with one which requires that testimonial hearsay evidence be inadmissible unless there was a prior opportunity for cross-examination.

Petitioner "submits that the Crawford decision is a new U.S. Supreme Court case that addresses an issue raised by petitioner in his state post-conviction habeas corpus petition and presented to the Supreme Court of Appeals of West Virginia. Further, petitioner observed the U.S. Court of Appeal for the Ninth Circuit ruled that Crawford must be applied retroactively on collateral review and the Court granted habeas relief to a Nevada man who was convicted of a sex offense on the basis of his young daughter's out-of-court statements to a police detective." See Opposition to Motion to Dismiss (dckt. 17) at 4 (citing Bockting v. Bayer, 399 F.3d 1010 (9th Cir. 2005)).[7]

Furthermore, Petitioner argues that as part of its case in chief, "the State utilized certain evidence of domestic complaints made by the victim in this case.[8] This evidence consisted of copies of various complaints made by the victim to Magistrates in Hampshire County, West Virginia approximately three years prior to the events giving rise to the case. The State proffered the evidence under a variety of theories, including a cliam (sic) that . . . these statements are subject to the hearsay exceptions." Id. at 6. In addition, Petitioner argues that the state also offered as evidence, sworn statements made by the deceased in support of her domestic complaints and requests for domestic violence protective orders which contained allegations that the Petitioner threatened to kill the victim. Petitioner argues that under Crawford, this evidence should never have been heard by the jury because the decedent was not available to testify and Petitioner had never had the opportunity to cross-examine her.

---

[7] What Petitioner fails to acknowledge, however, is that every other Circuit Court to consider the issue has found that Crawford is not retroactive to cases on collateral review. See Espy v. Massac, 443 F.3d 1362 (11th Cir. 2006); Lave v. Dretke, 444 F.3d 33 (5th Cir. 2006); Bintz v. Bertrand, 403 F.3d 859 (7th Cir. 2005); Dorchy v. Jones, 398 F.3d 783 (6th Cir. 2005); Mungo v. Duncan, 393 F.3d 327 (2d Cir. 2004); Brown v. Uphoff, 381 F.3d 1219 (10th Cir. 2004).

[8] Petitioner was convicted of killing his wife.

Accordingly, Petitioner requests that the Court deny the Respondent's Motion to Dismiss or, in the alternative, hold Petitioner's case in abeyance pending the exhaustion of state remedies or allow petitioner to sever the unexhausted ground and proceed on the remaining two grounds.

**B. The Respondent**

In reply to the Petitioner's response, the Respondent asserts that Petitioner's Crawford claim has never been raised in State court. Moreover, although the Ninth Circuit has found Crawford to be retroactive on collateral review, neither the Fourth Circuit nor the Supreme Court has made a similar finding. To the contrary, the Respondent asserts that the law of the Fourth Circuit would appear to be contrary to that of the Ninth Circuit.[9] Further, this exact issue was recently argued to the Supreme Court on November 1, 2006, but an opinion has not yet issued. See Whorton v. Bockting, Supreme Court Case No. 05-595. Therefore, the Respondent argues that should the Supreme Court hold that Crawford is retroactive, Petitioner would have one-year from that date to file a new federal habeas petition based on any Crawford claims. However, the other claims in the instant petition would still not be saved and must be dismissed as untimely.

Finally, the Respondent argues that there is no need to hold the present petition in abeyance pending Petitioner's exhaustion of his Crawford claims in State court. Should the Crawford decision be applied retroactively, Petitioner could raise his claim in state court and once exhausted, the one-year limitation would then begin to run with respect to such claim in federal court. Thus, there is no need to stay the instant proceedings because Petitioner's claims would not be time-barred.

---

[9] Although the Respondent does not cite to any specific caselaw, the Court takes notice of Ramdass v. Angelone, 187 F.3d 396, 406 (4th Cir. 1999), wherein the Fourth Circuit found that 28 U.S.C. § 2254(d)(1), "which requires that [a] state court decision . . . be inconsistent with clearly established Federal law, . . . imports an anti-retroactivity principle into federal habeas law." (Internal citations and quotations omitted).

## IV. Analysis

It is clear from the Petition that with the exception of Petitioner's Crawford claim, all the claims raised in the instant petition are time-barred. Accordingly, other than Petitioner's Crawford claim, all of the claims raised in the instant petition are due to be dismissed with prejudice. To that extent, the Respondent is correct that Petitioner cannot sever his Crawford claim and proceed on the remaining claims. Therefore, the only issue left for this Court to decide is whether Petitioner's petition should be dismissed *in toto*, or if Petitioner should be granted a stay and abeyance.

### A. Exhaustion

A petition for a writ of habeas corpus is not a substitute for pursuing state judicial remedies. See 28 U.S.C. §2254(b). Absent a valid excuse, a petition for writ of habeas corpus should not be entertained unless the petitioner has first exhausted his state remedies. Castille v. Peoples, 489 U.S. 346, 349, *reh'g denied*, 490 U.S. 1076 (1989). To exhaust state remedies, a habeas petitioner must fairly present the substance of his claim to the state's highest court. Matthews v. Evatt, 105 F.3d 907 (4th Cir.), cert. denied, 522 U.S. 833 (1997). "A claim is fairly presented when the petitioner presented to the state courts the substance of his federal habeas corpus claim. The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined." Id. at 911. "A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief . . . by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" Baldwin v. Reese, 541 U.S. 27, 32 (2004); see also Howell v. Mississippi, 543 U.S. 440, 444, 125 S.Ct. 856, 859 (2005).

In West Virginia, the exhaustion of state remedies is accomplished by a petitioner raising

the federal issue on direct appeal from his conviction or in a post-conviction state habeas corpus proceeding followed by an appeal to the West Virginia Supreme Court of Appeals. See Moore v. Kirby, 879 F. Supp. 592, 593 (S.D. W.Va. 1995); see also Bayerle v. Godwin, 825 F. Supp. 113, 114 (N.D.W.Va. 1993). A federal court may only consider those issues the petitioner presented to the state court,[10] and "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

In addition, it is Petitioner's burden to demonstrate that he has exhausted his state judicial remedies. Breard v. Pruett, 134 F.3d 615, 619 (4th Cir.), cert. denied, 523 U.S. 371 (1998). "The exhaustion requirement is not satisfied if the petitioner presents new legal theories or factual claims for the first time in his federal habeas petition." Id. "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court." Duncan v. Henry, 513 U.S. 364, 365 (1995).

Here, Petitioner has never raised the Crawford issue in State Court. Accordingly, this claim is not exhausted and should be dismissed. However, Petitioner asserts that pursuant to Rhines v. Weber, 544 U.S. 269, 275 (2005), he should be granted a stay and abeyance on his unexhausted claim.

**B. Stay and Abeyance**

---

[10] Picard v. Connor, 404 U.S. 270 (1971).

In <u>Rose v. Lundy</u>, 455 U.S. 509 (1982), the Supreme Court held that a federal district court may not adjudicate mixed petitions and imposed a requirement of total exhaustion, implemented by dismissing mixed petitions without prejudice and allowing petitioners to return to state court to litigate the unexhausted claims.[11] At the time the Supreme Court issued its decision in <u>Rose v. Lundy</u>, the AEDPA had not been enacted, and there was no statute of limitations on federal habeas corpus petitions. Therefore, dismissal without prejudice did not preclude a petitioner from returning to federal court once his claims were exhausted in state court proceedings. However, "[a]s the result of the interplay between AEDPA's 1-year statute of limitations and <u>Lundy's</u> dismissal requirement, petitioners who come to federal court with 'mixed' petitions, run the risk of forever losing their opportunity for any federal review of their unexhausted claims." <u>Rhines v. Weber</u>, 544 U.S. at 275. Accordingly, the Supreme Court has held that a federal district court may, under some circumstances, stay, rather than dismiss without prejudice, a federal habeas petition containing both exhausted and unexhausted claims.

However, in <u>Rhines</u>, the Supreme Court noted that a stay and abeyance procedure, "if employed too frequently, has the potential to undermine [the] twin purposes" of the AEDPA.[12] <u>Rhines</u> 544 U.S. at 277. Therefore, the Supreme Court found that stay and abeyance procedures are only available in limited circumstances.[13] <u>Id.</u>

Here, the undersigned has determined that with the exception of Petitioner's <u>Crawford</u> claim,

---

[11] A "mixed petition" is one that raises both exhausted and unexhausted claims.

[12] The twin purposes of AEPDA are to reduce delays in the execution of state and federal criminal sentences and to encourage petitioners to seek relief in state court in the first instance.

[13] Those circumstances include instances in which the petitioner has shown good cause for his failure to exhaust, that his unexhausted claims are potentially meritorious, and where there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

9

the claims in the instant petition, although exhausted, are time-barred. Therefore, the undersigned has made a recommendation that those claims be dismissed with prejudice and the only remaining claim is Petitioner's unexhausted Crawford claim. Thus, the petition is not truly a "mixed petition" and Rhines v. Weber is not applicable.

Nevertheless, because the Supreme Court's decision in Whorton v. Bockting affects whether ground three in this case should be dismissed with or without prejudice, the undersigned finds that it would be appropriate to stay a final decision on ground three at this time. Should the Supreme Court find that Crawford is retroactive to cases on collateral review, Petitioner's claim in this court will be subject to a dismissal without prejudice for the failure to exhaust.[14] However, should the Supreme Court find that Crawford is not retroactive on collateral review, Petitioner's claim related to that issue will be time-barred as set forth herein and subject to a dismissal with prejudice.

## V. Recommendation

For the foregoing reasons, it is recommended that the Respondent's Motion to Dismiss Petition as Untimely Filed (dckt. 14) be **GRANTED in part and DENIED in part**.

Specifically, the Respondent's motion should be granted as to grounds one, two and four and those grounds should be **DISMISSED with prejudice as untimely**. However, the Respondent's motion should be denied as to ground three. The retroactive application of issues relating to ground three are currently under consideration by the United States Supreme Court in Whorton v. Bockting, Supreme Court Case No. 05-595. Should the Supreme Court find that Crawford v. Washington is

---

[14] Although Petitioner claims he has no further remedy available in State court as to his Crawford claim, it appears as if Petitioner is mistaken. See W.Va. Code § 53-4A-1(d) (making an exception to certain procedural bars for new rules of constitutional law applicable retroactively to habeas review).

retroactive to case on collateral review, Petitioner may have further remedy in the Courts of the State and an exception to the one-year time limitation for filing that claim in federal court may apply. However, should the Supreme Court find that Crawford is not retroactive to cases on collateral review, ground three in the instant petition will be time-barred. Because the outcome of the Supreme Court proceedings affects whether ground three of the instant case should be dismissed with prejudice or without, and on what grounds, the undersigned recommends that further consideration of ground three be **STAYED** pending the outcome of Whorton v. Bockting, Supreme Court Case No. 05-595. Further, the parties should be directed to notify the Court immediately when a decision is made in that case.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner.

DATED: January 25, 2007.

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE